FIRST AMENDED COMPLAINT

Plaintiff's Name ROBERT AYALA
Inmate No. K-11518
Address P.O. BOX 3481
CORCORAN, CA 93212-3481

**FILED**

MAR 2 9 2005

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT AYALA
(Name of Plaintiff)

CV F04-6194 REC LJO P
(Case Number)

vs.

C.D.C. PERSONNEL
ETAL IN BOTH THEIR
OFFICIAL & INDIVIDUAL
CAPACITY(IES)
(Names of all Defendants)

COMPLAINT

Civil Rights Act, 42 U.S.C. § 1983

FIRST AMENDED
COMPLAINT

I. Previous Lawsuits (list all other previous or pending lawsuits on back of this form):

A.    Have you brought any other lawsuits while a prisoner? Yes ✓ No ___

B.    If your answer to A is yes, how many? ONE
      Describe previous or pending lawsuits in the space below.
      (If more than one, use back of paper to continue outlining all lawsuits.)

      1. Parties to this previous lawsuit:

      Plaintiff ROBERT AYALA

      Defendants C/O F. MADRIGAL

      2. Court (if Federal Court, give name of District; if State Court, give name of County)
      USDC ES DIST. CT. FRESNO, CA.

      3. Docket Number CVF0353830WWWMWP 4. Assigned Judge OLIVER W WANGER

      5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
      PENDING

      6. Filing date (approx.) 1/10/05      7. Disposition date (approx.) PENDING

1

II.    **Exhaustion of Administrative Remedies**

A.    Is there an inmate appeal or administrative remedy process available at your institution?

Yes ✓   No___

B.    Have you filed an appeal or grievance concerning <u>ALL</u> of the facts contained in this complaint?

Yes ✓   No___

If your answer is no, explain why not_____

_____

_____

_____

C.    Is the process completed?

Yes___            If your answer is yes, briefly explain what happened at each level.

_____

_____

No ✓            If your answer is no, explain why not.

ADMINISTRATION IS WILLFULLY EVADING TO DENIE

PROCESS ON APL 602 CONCERNING ALL FACTS

CONTAINED IN THIS COMPLAINT.

WHITLEY V8 ALBERS

5.158 Fed 86 2, 886 ID. AT 886

DIDNT REQUIRE EXHANSTION CITING MC CARTHY V8

NOTICE:  Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to
prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in
any jail, prison, or other correctional facility until such administrative remedies as are available are
exhausted." 42 U.S.C. § 1997e(a). If there is an inmate appeal or administrative remedy process
available at your institution, you may not file an action under Section 1983, or any other federal
law, until you have first completed (exhausted) the process available at your institution. You are
required to complete (exhaust) the inmate appeal or administrative remedy process <u>before</u> filing
suit, regardless of the relief offered by the process. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001);
<u>McKinney v. Carey</u>, 311 F.3d 1198, 1999 (9th Cir. 2002).  Even if you are seeking only money
damages and the inmate appeal or administrative remedy process does not provide money,
you <u>must</u> exhaust the process before filing suit. <u>Booth</u>, 532 U.S, at 734.

MADIGAN 503 U.8 140; 112 S CT 1081; 117 Led.
2d 291 (1992).

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A. Defendant _C.D.C. PERSONNEL_ is employed as _CORRECTIONAL OFFICERS_ at _CORCORAN STATE PRISON (SHU)._

B. Additional defendants _COUNSELORS, LT. SGT., CAPT., WARDEN, ASSOC. WARDEN(S), CO-CONSPIRATORS, AND C.D.C. CO-CONSPIRATORS = FLOR STAFF, NETAS, LIBRARIANS, ETC._

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

BRIEFLY, PLAINTIFF ALLEGES THAT DEFENDANTS HAVE ESTABLISHED AND ADOPTED WRITTEN AND UN-WRITTEN POLICY(IES) AND ERECTED BARRIERS THAT IN ALL WAYS BUT ARE NOT LIMITED TO THE FOLLOWING: OBSTRUCTING PLAINTIFFS ACCESS TO THE FACILITY'S LAW LIBRARY (FOR HIS ACCESS TO THE COURTS, CON-TAMINATING PLAINTIFFS FOOD ITEMS/STUFFS, DRINKS, COFFEE, MILK ETC., WITH DESTABILIZING PERFORMANCE SUBSTANCES COUPLED WITH ELECTRONIC ULTRASOUND VOICE DEVICES THAT WILL BIO-TECH. PERTURBS PLAINTIFFS FLOW OF HIS HUMAN NECESSITY AND MAKE DEGRADING + VILE ADNOES ALSO OBSTRUCTS PLAINTIFFS CONSENTRAT- ION WHEN READING + WRITING ALL OF WHICH HAS BEEN OCCURRING FOR THE LAST FIVE YRS., AND DELAYING PLAINTIFF FROM SUBMITTING HIS WRIT OF Relief. PETITION ON HIS CRIM. CONVICTION IN THE FACE OF ███████ APPEAL EDPA RESIDES THEIR EVADING TO DUE PROCESS ON 602 ADMIN.
CASE NUMBERS ATTACHED HERETO. (State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

COMPENSATORY DAMAGES TO COVER UNDUE MENTAL ANGUISH + STRESS PAIN + SUFFERING AS A RESULT OF DAILY HARASSMENT PSYCHOLO- GICAL + EMOTIONAL DISTRESS PHYSICAL ABUSE AND HUMILIATION AS WELL AS VIOLATIONS OF CONSTITUTIONAL RIGHTS $20 MILLION PUNITIVE DAMAGES FROM ███████ DEFENDANTS TO PLAINTIFF $20 MILLION DECLARATION THAT DEFENDANTS VIOLATED SEC 1 OF SHERMAN ACT BY ENTERING INTO AGREEMENTS UNDERSTANDINGS AS ALLEGED ABOUT. RELIEF AS THE COURT DEEMS JUST + PROPER. + DEMAND FOR JURY TRIAL SEE ATTACHED AMEN- ED COMPLAINT.

I declare under penalty of perjury that the foregoing is true and correct.

Date _3/15/05_    Signature of Plaintiff _____

(revised 9/17/03)

1  ROBERT AYALA K-11518
2  C.S.P. 4B, 2R-28
3  P.O. BOX 3481
4  CORCORAN, CA 93212-3481
5  IN PROPER
6
7    IN THE UNITED STATES DISTRICT COURT
8    FOR THE EASTERN DISTRICT OF CALIFORNIA
9
10  ROBERT AYALA                    CVF046194RECLJOP
11         PLAINTIFF,
12      VS                          LAWRENCE J. O'NEILL
13  C.D.C. PERSONNEL                JUDGE
14  ET. AL.,
15  IN THEIR INDIVIDUAL
16  AND OFFICIAL CAPACITY
17      DEFENDANT(S)
18
19       FIRST AMENDED COMPLAINT
20    INTRODUCTION AND JURISDICTION
21
22  1  PLAINTIFF BRINGS THIS ACTION UNDER
23  SECTION 42 USC §1983 AND §1985 TO
24  REDRESS THE DEPRIVATION UNDER COLOR
25  OF LAW OF RIGHTS SECURED BY THE
26  CONSTITUTION OF THE UNITED STATES.
27  JURISDICTION IS BASED UPON 28 USC §
28  §1331 AND 1343. THE COURT ALSO has

(1)

1 ▓▓▓▓▓  JURISDICTION OVER THE STATE

2 CLAIM(S) AND OVER DEFENDANT(S) STATE OF

3 CALIFORNIA PURSUANT 28 USC § 1367;.

4 PLAINTIFF SEEKS DECLARATION RELIEF.

5 PURSUANT TO 28 USC §§ 2201 AND 2202.

6 THE UNLAWFUL ACTS AND/OR PRACTICES

7 ALLEGED OCCURRED PRIMARILY WITHIN

8 THIS JUDICIAL DISTRICT AND THE MAJORITY

9 OF THE DEFENDANTS RESIDE WITHIN THIS

10 DISTRICT PURSUANT TO 28 USC § 1391

11                     PARTIES

12 2] PLAINTIFF ROBERT AYALA IS AND WAS AT

13 ALL TIMES MENTIONED HEREIN A PRISONER OF

14 THE STATE OF CALIFORNIA IN THE CUSTODY OF

15 THE CALIFORNIA DEPARTMENT OF CORRECTIONS

16 (C.D.C). PLAINTIFF IS CURRENTLY CONFINED

17 AT CALIFORNIA STATE PRISON CORCORAN

18 AND HOUSED WITHIN THE SECURITY HOUSING

19 UNIT (S.H.U.) AND A CITIZEN OF CALIF. STATE.

20 3] DEFENDANTS IDENTIFIED IN

21 PARAGRAPHS 4 THROUGH 52 ARE INDEED

22 RESPONSIBLE IN SOME MANNER FOR THE

23 FOR THE CONSTITUTIONAL VIOLATIONS AND

24 DAMAGES TO PLAINTIFF ALLEGED HEREIN

25 DURING THE PERIOD AS DEFINED IN

26 PARAGRAPH 41 BELOW.

27 4] DEFENDANT SCRIBNER IS THE WARDEN

28 OF CORCORAN STATE PRISON AND LEGAL CUSTODIAN

IN FORMA PAUPERIS § 1983 / 1ST COMPLAINT

(2)

PARTIES (CONT'D)

OF PLAINTIFF AND HELD THAT STATUS AT ALL
TIMES MENTIONED HEREIN.

5] DEFENDANT N. GRANNIS IS THE
DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS
(CDC) AND IS RESPONSIBLE FOR THE OPERATION OF
EACH OF ITS STATE PRISONS INCLUDING THE
OPERATIONS OF CORCORAN STATE PRISON.

6. DEFENDANT V. YAMAMOTO IS CHIEF
DEPUTY WARDEN AND HELD THAT STATUS AT
ALL TIMES MENTIONED HEREIN. SHE ALSO
HAS A SEAT ON THE (SHU) CLASSIFICATION
COMMITTEE (INST. CLASSIFICATION COMMITTEE [ICC])

7] DEFENDANT J. YATES IS THE
ASSOCIATE WARDEN AND HAS A SEAT ON THE
(SHU) CLASSIFICATION COMMITTEE AND HAS
HELD THAT STATUS AT ALL TIMES MENTIONED
HEREIN.

8] DEFENDANT D. ORTIZ IS THE ASSOCIATE
WARDEN AND HAS HELD THAT STATUS AT
ALL TIMES MENTIONED HEREIN. HE ALSO
HAS A SEAT ON THE (SHU) CLASSIFICATION
COMMITTEE.

9] DEFENDANT S.F. ANDREWS IS THE
CAPTAIN OF 4B FACILITY AND HAS HELD
THIS STATUS AT ALL TIMES MENTIONED
HEREIN. HE ALSO HAS A SEAT ON THE
(SHU) CLASSIFICATION COMMITTEE.

(3)

PARTIES (CONT'D)

10] DEFENDANT N. DILL IS THE CAPTAIN OF AA FACILITY AND HELD THAT STATUS AT ALL TIMES MENTIONED HEREIN. HE ALSO HAS A SEAT ON THE (SHU) CLASSIFICATION COMMITTEE

11: DEFENDANT S.A. KEENER IS THE LIEUTENANT SENIOR HEARING OFFICER AND HAS HELD THAT STATUS AT ALL TIMES MENTIONED HEREIN AT CORCORAN SHU.

12: DEFENDANT M. SEIFERT IS THE LIEUTENANT SENIOR HEARING OFFICER AND HAS HELD THAT STATUS AT ALL TIMES MENTIONED HEREIN AT CORCORAN SHU

13: DEFENDANT RANDY IS THE LIEUTENANT SENIOR HEARING OFFICER AND HAS HELD THAT STATUS AT ALL TIMES MENTIONED HEREIN AT CORCORAN SHU.

14: DEFENDANT S. ROUSSEAU IS THE LIEUTENANT SENIOR HEARING OFFICER AND HAS HELD THAT STATUS AT ALL TIMES MENTIONED HEREIN AT CORCORAN SHU.

15: DEFENDANT WALKER IS THE LIEUTENANT SENIOR HEARING OFFICER AND HAS HELD THAT STATUS AT ALL TIMES MENTIONED HEREIN AT CORCORAN SHU

16: DEFENDANT T. FEHLMAN IS THE SERGEANT AT CORCORAN SHU AND HAS

(4)

PARTIES (CONT'D)

1

2   HELD THAT STATUS AT ALL TIMES

3   MENTIONED HEREIN

4   17 : DEFENDANT FINAS IS THE

5   SERGEANT AT CORCORAN SHU AND HAS

6   HELD THAT STATUS AT ALL TIMES

7   MENTIONED HEREIN.

8   18 : DEFENDANT M. BRENNER IS THE

9   SERGEANT AT CORCORAN SHU AND HAS

10  HELD THAT STATUS AT ALL TIMES

11  MENTIONED HEREIN.

12  19 : DEFENDANT P. FRESQUEZ IS THE

13  SERGEANT AT CORCORAN SHU AND HAS

14  HELD THAT STATUS AT ALL TIMES

15  MENTIONED HEREIN

16  20 : DEFENDANT S CALLOW IS THE

17  SERGEANT AT CORCORAN SHU AND HAS

18  HELD THAT STATUS AT ALL TIMES

19  MENTIONED HEREIN.

20  21 : DEFENDANT S.M MARTINEZ IS THE

21  SERGEANT AT CORCORAN SHU AND HAS

22  HELD THAT STATUS AT ALL TIMES

23  MENTIONED HEREIN.

24  23 : DEFENDANT G. GUTIERREZ IS THE

25  SERGEANT AT CORCORAN SHU AND HAS

26  HELD THAT STATUS AT ALL TIMES

27  MENTIONED HEREIN.

28  24 : DEFENDANT E. LANSTON IS THE

(5)

PARTIES (CONT'D)

1
2  SERGEANT AT CORCORAN SHU AND HAS
3  HELD THAT STATUS AT ALL TIMES MENTIONED
4  HEREIN.

5  25: DEFENDANT MALDONADO IS THE
6  SERGEANT AT CORCORAN SHU AND HAS
7  HELD THAT STATUS AT ALL TIMES MENTIONED
8  HEREIN.

9  26: DEFENDANT INDERST IS THE
10  SERGEANT AT CORCORAN SHU AND HAS
11  HELD THAT STATUS AT ALL TIMES
12  MENTIONED HEREIN.

13  27: DEFENDANT S. FOULK IS THE
14  COUNSELOR AT CORCORAN SHU AND HAS
15  HELD THAT STATUS AT ALL TIMES MENTIONED
16  HEREIN. HE ALSO HAS A SEAT ON THE
17  SHU CLASSIFICATION COMMITTEE.

18  28: DEFENDANT D. MEANS IS THE
19  COUNSELOR AT CORCORAN SHU AND HAS
20  HELD THAT STATUS AT ALL TIMES MENTIONED
21  HEREIN. HE ALSO HAS A SEAT ON THE
22  SHU CLASSIFICATION COMMITTEE.

23  29: DEFENDANT J. CASTRO IS THE
24  COUNSELOR AT CORCORAN SHU AND HAS
25  HELD THAT STATUS AT ALL TIMES.
26  MENTIONED HEREIN.

27  30: DEFENDANT L. GIACOMI IS THE
28  COUNSELOR AT CORCORAN SHU AND HAS

(6)

PARTIES (CONT'D)

1
2  HELD THAT STATUS AT ALL TIMES MENTIONED
3  HEREIN

4  31: DEFENDANT ISSAC IS THE COUNSELOR
5  AT CORCORAN SHU AND HAS HELD THAT
6  STATUS AT ALL TIMES MENTIONED HEREIN

7  32: DEFENDANTS IDENTIFIED AS
8  COUNSELORS IN PARAGRAPHS 27 THROUGH 21
9  ARE CORRECTIONAL OFFICERS DESIGNED AS
10  A CASEWORKER/INMATE ASSIGNMENT
11  OFFICER; RANK EQUIVALENT TO A
12  LIEUTENANT AND HAVE A SEAT ON THE
13  SHU "IOC" NEXT TO THE SERGEANTS
14  IDENTIFIED IN PARAGRAPHS 16 THROUGH 26;
15  ALL OF WHICH ARE RESPONSIBLE FOR THE
16  SUPERVISION OF PLANTIFF.

17  33: DEFENDANT T. SHELDON IS THE
18  FIRST WATCH (1/W) "CORRECTIONAL OFFICER"
19  (C/O) AT CORCORAN SHU AND HAS HELD THAT
20  STATUS AT ALL TIMES MENTIONED HEREIN.
21  [1/W = 10:00PM-TO-5:00AM.]

22  34: DEFENDANT T.K. MOORE IS THE 1/W
23  C/O AT CORCORAN SHU AND HAS HELD
24  THAT STATUS AT ALL TIMES MENTIONED HEREIN

25  35: DEFENDANT FENN IS THE 1/W
26  C/O AT CORCORAN SHU AND HAS HELD THAT
27  STATUS AT ALL TIMES MENTIONED HEREIN

28  36: DEFENDANT ESPINOSA IS THE 1/W

(4)

## PARTIES (CONT'D)

C/O AT CORCORAN SHU AND HAS HELD THAT STATUS AT ALL TIMES MENTIONED HEREIN.

87: DEFENDANT MEDINA IS THE SECOND WATCH (2/W) "CORRECTIONAL OFFICER" (C/O) AT CORCORAN SHU AND HAS HELD THAT STATUS AT ALL TIMES MENTIONED HEREIN.

[2/W = 6:00 AM TO 2:00 PM.]

88: DEFENDANT HERNANDEZ IS THE 2/W C/O AT CORCORAN SHU AND HAS HELD THAT STATUS AT ALL TIMES MENTIONED HEREIN.

39: DEFENDANT POBLES IS THE 2/W C/O AT CORCORAN SHU AND HAS HELD THAT STATUS AT ALL TIMES MENTIONED HEREIN

40: DEFENDANT AUSTIN IS THE 2/W C/O AT CORCORAN SHU AND HAS HELD THAT STATUS AT ALL TIMES MENTIONED HEREIN

41: DEFENDANT ELIZE IS THE 2/W C/O AT CORCORAN SHU AND HAS HELD THAT STATUS AT ALL TIMES MENTIONED HEREIN.

42: DEFENDANT HAMILTON IS THE 2/W C/O AT CORCORAN SHU AND HAS HELD THAT STATUS AT ALL TIMES MENTIONED HEREIN.

43: DEFENDANT LOWE IS THE 2/W C/O AT CORCORAN SHU AND HAS HELD THAT STATUS AT ALL TIMES MENTIONED HEREIN.

44: DEFENDANT BROWNELL IS THE 2/W C/O AT CORCORAN SHU AND HAS HELD THAT

(8)

PARTIES (CONT'D)

1

2  STATUS AT ALL TIMES MENTIONED HEREIN

3  45 : DEFENDANT LEE IS THE THIRD

4  WATCH (3/W)" CORRECTIONAL OFFICER "

5  (W/O) AT CORCORAN SATU AND HAS HELD THAT

6  STATUS AT ALL TIMES MENTIONED HEREIN.

7  [ 3/W = 2:00pm TO - 10:00pm. ]

8  46 : DEFENDANT FRESCURA IS THE 3/W

9  W/O AT CORCORAN SATU AND HAS HELD THAT

10  STATUS AT ALL TIMES MENTIONED HEREIN.

11  47 : DEFENDANT VIKCORD IS THE 3/W

12  W/O AT CORCORAN SATU AND HAS HELD THAT

13  STATUS AT ALL TIMES MENTIONED HEREIN.

14  48 : DEFENDANT PRICE IS THE 3/W

15  W/O AT CORCORAN SATU AND HAS HELD THAT

16  STATUS AT ALL TIMES MENTIONED HEREIN.

17  49 : DEFENDANT PADDLE IS THE 3/W

18  W/O AT CORCORAN SATU AND HAS HELD THAT

19  STATUS AT ALL TIMES MENTIONED HEREIN.

20  50 : DEFENDANT C.D.C. AS THAT TERM

21  IS DEFINED IN PARAGRAPH 2 ANTE:

22  IS A CORPORATION ORGANIZED AND

23  EXISTING UNDER THE LAWS OF THE STATE

24  OF CALIFORNIA AND HAVING A PRINCIPLE

25  OF BUSINESS IN CORCORAN CALIFORNIA,

26  51 : CDC PERSONNEL CONSIST OF,

27  MORE THAN 200 PERSONNEL ALL OF

28  WHICH/WHOM ARE GOVERNED BY

( 9 )

1   <u>PARTIES</u> (CONT'D)

2   ITS BOARD OF DIRECTORS AND/OR (SHU)

3   CLASSIFICATION COMMITTEE (INSTITUTION

4   CLASSIFICATION COMMITTEE) "ICC" (AS THAT

5   TERMED IS DEFINED WITH THIS PARAGRAPH

6   AND PARAGRAPH 6 ~~ABOVE~~) WHICH

7   INCLUDES REPRESENTATIVES OF EACH OF

8   THE DEFENDANTS HEREIN.

9   52]:        <u>CO-CONSPIRATORS</u>

10      OTHER PERSONS AND ENTITIES NOT

11  NAMED AS DEFENDANTS ~~HEREIN~~ HAVE

12  PARTICIPATED AS CO-CONSPIRATORS IN THE

13  CONSTITUTIONAL VIOLATIONS DESCRIBED HEREIN

14  AND ~~HAVE~~ PERFORMED ACTS AND MADE

15  STATEMENTS IN FURTHERANCE THEREOF,

16  INCLUDING ~~BUT,~~ NOT LIMITED TO <u>CDC</u>

17  <u>PERSONNEL</u> AS WELL AS <u>ICC</u> NOT

18  NAMED AS DEFENDANTS.

19  53]: ~~■■■~~   <u>CDC PROPER PARTY</u>

20      <u>VIOLATIONS OF SECTION 1 OF THE</u>

21  <u>SHERMAN ACT AND THIS ACTION</u>

22  <u>BROUGHT UNDER 42 USC § 1983</u>

23  <u>WARRANTS PLAINTIFF TO PUT FORWARD</u>

24  ~~■■■■■~~ <u>CDC AS A PROPER PARTY</u>

25  <u>UNDER SECTIONS 4 AND 16 OF THE</u>

26  <u>CLAYTON ACT, 15 U.S.C. § 15(A) AND 26.</u>

27  ~~■■■■■~~ AS WELL.

28

(1) FOR THE FAILURE TO IMPLEMENT SOP/A'S COMPLIANT

(10)

54 : DEFENDANTS AT ALL TIMES MENTIONED
IN THIS COMPLAINT WERE ACTING UNDER
COLOR OF STATE LAW AS EACH OF THEM WERE
EMPLOYEES OF THE STATE OF CALIFORNIA AND
ACTED IN THE USE AND MISUSE OF STATE
AUTHORITY UNDER THE COLOR OF STATE LAW.

55 : DEFENDANTS AT ALL TIMES MENTIONED
IN THIS COMPLAINT WERE ACTING IN THEIR
OFFICIAL CAPACITY AND IN THE SCOPE AND
COURSE OF THEIR EMPLOYMENT AND ARE
SUED IN THIS CAPACITY ALONG WITH CO-
CONSPIRATORS NOT MENTIONED.

56 : SAID DEFENDANTS ALONG WITH THE
CO-CONSPIRATORS NOT MENTIONED ARE SUED
IN THEIR INDIVIDUAL CAPACITY(IES).

FACTS

HISTORY

54 : ON OR ABOUT OCTOBER 1, 2000
PLAINTIFF WAS HOUSED NEXT DOOR TO A
"JAIL HOUSE LAWYER" (AN INMATE WHO
STUDY(IES) LAW) WHO RECOMMENDED
PLAINTIFF TO REQUEST A COPY OF HIS POLICE
REPORTS FROM HIS TRIAL COUNSEL AFTER
PLAINTIFF RELATED TO HIS NEIGHBOR THAT
HE NEVER RECEIVED A COPY ALL THROUGH
HIS COURT PROCEEDINGS AND INQUIRING
WHAT COULD BE DONE; TO WHICH HIS
NEIGHBOR RELATED THAT SUCH ACTION

(11)

FACTS

1

2  HISTORY (CONT'D)

3  WAS A VIOLATION OF HIS DUE PROCESS

4  RIGHTS: (PLAINTIFFS): AND KNEW OF SOME

5  CASES, WHERE, VIOLATIONS SUCH AS THESE,

6  DUE PROCESS, WARRANTED RELIEF OR SOME

7  RELIEF "IF NOT RELEASE".

8  58]: FOLLOWING THIS AGENDA, PLAINTIFFS

9  NEIGHBOR WAS MOVED AND AFTER HIS

10  LEAVING PLAINTIFF RECEIVED A COPY OF

11  HIS POLICE REPORTS. AND ABOUT THIS TIME

12  HIS: (PLAINTIFFS): NEXT NEIGHBOR WAS

13  A HOMOSEXUAL.

14  59]: IT NEVER AMUSED PLAINTIFF THAT

15  HIS NEIGHBOR WAS HOMOSEXUAL AS

16  PLAINTIFF IS A NON CONFORMIST TO PRISON

17  POLICTICS: [ GANGE ACTIVITY, RACIAL DIS

18  CRIMINATION, ETC.]: BESIDES WHICH HIS

19  FAMILY MEMBERS WHOM ARE HOMOSEXUAL:

20  (PLAINTIFF DOES): SO PLAINTIFF WASN'T

21  OBVIOUS TO MEET THIS WITH RELEVANT

22  IMMEDIATE IMPACT.

23  60]: IT FOLLOWS THEN ABOUT THIS TIME

24  THAT PLAINTIFF BEGINS TO HEAR "VOICES"

25  OR MORE ACCURATELY INFRA SOUND TYPE

26  TRANSMITTING "VOICE DEVICE(S) IF NOT

27  WITH ENTRAINMENT, CERTAINLY WITH THE

28  HOPE AND SENSE OF INVOKING PLAINTIFF

(12)

FACTS

HISTORY (CONT'D)

WITH A WEAK CONSCIENCE AND SOW
HIMSELF WITH THIS NEIGHBOR. HOWEVER,
BECAUSE PLAINTIFF HAS A LONG LASTING
SENSE OF HIMSELF (NOTWITHSTANDING
ALL ITS COUNTERBALANCING): NATURALLY
OR EVENTUALLY AND BY ACCIDENT
PLAINTIFF ENABLED THE *DISPLACEMENT*
IN CONTEXT: AND IN THIS REGARD,
HAS BEEN ABLE TO DEREGULATE IT;
BUT NOT SOULE IT, AND TRULY HAS
NO INTEREST IN SOWING IT.

61: SO IT FOLLOWS THAT PLAINTIFF
CONTINUED THE PURSUIT TO DISCOVER
CASES WHERE THE FINDINGS OF DUE
PROCESS VIOLATIONS, WERE CASE
FITTINGS WITH HIS AND UNFORTUNATELY
THIS PURSUIT WAS PURSUED ALL THROUGH
THE FOLLOWING CIRCUMSTANCES AND
WHICH CONTINUES THROUGH THE PRESENT
DAY(S) AND WILL CONTINUE UNLESS COURT
ORDER OTHERWISE.

THE GAMESMANSHIP

62: AS A RESULT OF THE FOREGOING
DEFENDANTS HAVE BECOME ANNOYED AT
PLAINTIFFS LACK OF INVOLVEMENT IN
PRISON POLITICS, CONTROL OF HIS CONSCIENCE

(13)

FACTS

THE GAMESMANSHIP (CONT'D)
AND OVER-CONCERNED WITH THE EFFECTING
OF HIS RELEASE AND HAVE ESTABLISHED
AND ADOPTED UNWRITTEN POLICY(IES)
AND SCRIPTED BARRIERS THAT ARE
ILLEGAL AND GO BEYOND WHAT IS
LEGALLY REQUIRED, IF ANY, FOR HIM TO
OVERCOME AND EFFECT HIS DIPLOMATIC
ASSIGNMENT.                CONSPIRACY

**63**: THE FOUNDATION OF DEFENDANTS
UNWRITTEN POLICY(IES) AND SCRIPTED
BARRIERS ADOPTED, IS A JOINTLY-
ESTABLISHED CONSPIRACY AMONG
DEFENDANTS AND THEIR CO-CONSPIRAT-
ORS ＊＊＊ TO HARRASS PLAINTIFF AND
OBSTRUCT HIS ACCESS TO THE COURTS.
                        HARASSMENT

**64**:
THE HARASSMENT IS A PERVASIVE
SYNTHESIS OF EVENTS AND ACTS THAT
THAT RANGE FROM AND INCLUDE BUT
NOT LIMITED TO FOLLOWING: ON A DAY-
TO-DAY BASIS:   CONTAMINATING
PLAINTIFFS FOOD WITH DESINHANCING
PERFORMANCE SUBSTANCES THAT RESTRAIN
PLAINTIFF FROM BEING UP-BEAT AND
CONSIDERATE AS WOULD BE ABSENT SUCH
CONTAMINATIONS. THIS MILK, COFFEE

(14)

1
2  FACTS
3  THE GAMESMANSHIP (CONT'D)
4  KOOL-AIDS AND CANTEEN ALSO CONTAIN
5  SUCH SUBSTANCE.
6  65: SUGAR
7  ADDED IS THE INCREDIBLE AMOUNT OF
8  SUGAR ISSUANCE OF CAKES, KOOL-AIDS
9  PENUT BUTTER AND JELLY, FRENCH TOAST
10 PANCAKES, SYRUPS ALL OF WHICH NOT
11 ONLY CONTAIN SUCH DESTINANCING
12 PROFORMANCE SUBSTANCES BUT,
13 NATURALLY METAL WHICH IN TURN
14 GIVES UPGRADES FOR THE INFRASOUND
15 TRANSMITTING VOICE DEVICES AND OTHER
16 BIO-TECHNOLOGY DEFENDANTS EMPLOY
17 TO HARASS PLAINTIFF -- IN WAKING
18 HIM UP AT ALL HOURS OF THE NIGHT;
19 PAINING HIS ARMS AND LEGS WHEN
20 HE IS READING AND WRITING
21 CAUSING HIM TO SHIFT HIS BODY
22 EVERY ANTAGONIZING MOMENT
23 DISALLOWING PLAINTIFF TO FOLLOW
24 THE STORYLINE OF READING BOOKS
25 AND/OR THOUGHT PROCESSING OF
26 PERSONAL INTERESTS AND DETERMIN-
27 ATIONS.
28 66: THIS IS TO THE POINT THAT IT
   BECOMES OBNOXIOUS AND TRULY SERVES

(15)

## JAMS

THE ~~GAMESMANSHIP~~ (CONT'D)
ONLY TO AGGRAVATE THE CONDITION,
TORTURE ~~HIS~~ MIND AND DISTRAUGHT
HIS MENTAL HEALTH.

**67**: OCCASIONS LIKE WHEN PLAINTIFFS
FLOW OF BODILY FLUIDS AND/OR HUMAN
NECESSITY IS BEING RESTRAINED OR
RESTRICTED BY DEFENDANTS BIO-TECH
NOLOGY DEVICES FOLLOWED BY THE
INFRASOUND TRANSMITTING "VOICE"
DEVICES THAT CAST DEMORALIZED AND/
OR SNARING SLURS AND BY THE
MEANS SECURING THE OBJECTIVE OF
HUMILIATING PLAINTIFF, HOLDING HIM
UP FOR RIDICULE AS AN IMMOBILIZING
OBJECT OF SCORN.

**68**:          ENVIRONMENTAL STRATEGIES
ADDED TO THIS IS THE ARTIFICIAL
HOSTILE ENVIRONMENT THAT PLAINTIFF
IS PLACED IN AND WHO'S APPEARANCE
BY DEFENDANTS DESIGN IS TO
RESEMBLE SOME HORRIBLE SILENT
RITUAL OF UNREALITY OR BRUTAL IN-
HUMANITY, STIFLED BY THE
SENSATION OF DANGER BUT
PLAINTIFFS PEERS ARE ACTUALLY
"INFORMANTS" WHO ON OCCASIONS

FACTS

THE GAMESMANSHIP (CONT'D)
WILL "STAGE DRAMA" (CREATE AN
ARTIFICIAL DISTURBANCE OR DISRUPTION)
FOR PURPOSES OF OFF-SETTING PLAINTIFF
MANIFESTING CONCEPTUAL ANALOGIES
IN THIS CONTEXT THAT THEY'RE INFORMANTS
69: THESE FACTS CAN BE ESTABLISHED
BY PLAINTIFFS OBSERVATIONS WITHIN
THE SECURITY HOUSING UNIT THAT HAS
NO SECURITY CAMERAS TO RECORD THIS
ESOTERIC CODE OF CONDUCT OR
SIGN LANGUAGE OF A SORT(S) CONSISTANT
BETWEEN DEFENDANTS AND PLAINTIFFS
PEERS [SEE 602's INMATE/PAROLEE APPEAL
FORM DATED 11/7/05 AND 11/14/03
ATTACHED HERETO AS EXH., A, A(1), A(2)
AND EXH. B .]
  70: ALL EXHIBITS TO THIS AMENDED
    COMPLAINT ARE MATERIAL AND
    ESSENTIAL OR INTEGRAL PARTS
    HEREOF.
  71: ADDED TO THESE DAY-TO-DAY
  EVENTS, GAMESMANSHIPS AND/OR
  MORE ACCURATELY VIOLATIONS, DEFENDANT
  S HAVE TO SUPPLEMENT AND STRENGTH
  EN THEIR POSITION, ISSUED OR FURNISHED
  PLAINTIFFS PEERS

(17)

1   FACTS

2   THE GAMESMANSHIP (CONT'D)
3   WITH CHEMICAL GASES OR AGENTS
4   WHICH COMPLIMENTS DEFENDANTS
5   CODE OF CONDUCT OR SIGN LANGUAGE
6   SIGNALING EXPRESSION(S)
7   42] FOR INSTANCE DEFENDANTS SIGNAL
8   BY CODE OF CONDUCT [E.G., LIFTING THE
9   BASEBALL CAP OFF HEAD OF DEFENDANT
10  FOLLOWED BY THE RUBBING OF THE BACK
11  OF THE NECK] TO PLAINTIFFS PEER(S)
12  (JAILHOUSE INFORMANT) NAMELY,
13  PLAINTIFFS NEIGHBORS WHOM THEN
14  RECEIVES AND DECIPHERS DEFENDANTS
15  CODE OF CONDUCT/SIGNALS AND COMM-
16  ENCES DISCHARGING CHEMICAL GASES
17  CONSISTANT WITH DEFENDANTS SIGNALS
18  (THE RUBBING OF THE BACK OF THE
19  NECK CODIFIES TO RELEASE A SLEEP
20  OR LOATH INDUCING AGENT OR GAS)
21  WHICH THEN FILLS PLAINTIFFS ROOM
22  CELL SPACE UP WITH SUCH AGENT
23  OR CHEMICAL GAS
24  43] DEFENDANTS AND THEIR CO-CONSPIR
25  ATORS EMPLOY FIVE (5) DIFFERENT
26  AGENTS OR CHEMICAL GASES FOR THEIR
27  OBSTRUCTION AND THAT INDUCE
28  [A] SLEEP OR LOATH : [B] DIZZY SPELLS

(18)

<u>FACTS</u>

THE GAMESMANSHIP (CONT'D)

[C]: ADRENALINE PUSHES ABSENT THE ███ SHARP AND KEEN DECISION
MAKING RESOURCES OR INTUITIVE FACULTY
QUICK AND READY INSIGHT CHANNELING
THAT -- AFTER THE BIOTECHNOLOGY
OBSTRUCTIONS WEIGH IN, LEAVES PLAINTIFF
FEELING A SENSE OF DRIFTING IN A SEA
OF STRANGE EMOTIONS (....) AND/OR
ASSAILED BY A SENSE OF DRIFTING (....).
.... [D]: FOGGY OR BLURRED VISION, AND
[F]: AN AGENT OR CHEMICAL GAS THAT
INDUCES PLAINTIFF WITH A MENTAL STATE
THAT RESEMBLES AMNESIA AS IT
COATS OVER PLAINTIFF'S TASTE BUDS,
TONGUE AND CONDUCTIVE SALIVA ACTING
AS A VARNISH THAT FREEZES MEMORY
DATA INTERNALS.

#74#: DEFENDANTS ALSO EMPLOY A
STEROID-RAGE-INDUCING LIKE SUBSTANCE
IN PLAINTIFF'S FOOD THAT PULLS OUT EVERY
INSECURITY PLAINTIFF POSSESSES MAKING
HIS GENERALLY FRIENDLY DEMEANOR VERY
IMPASSIONED AND STERN.

#75#: SAID HOUSE INFORMANTS PROVIDE
A HIGHLY VALUED SERVICE TO
DEFENDANTS, ███ C.D.C, AND CO-

1
2  FACTS
   THE GAMESMANSHIP (CONT'D)
3  CONSPIRATORS (IE, FREE STAFF, MTA
4  MEDICAL TECHNICAL ASSISTANT, ETC.")
5  76: WORKING TOGETHER THE FORCES
6  DESCRIBED ABOVE HAVE PLACED AN
7  ARTIFICIAL RESTRAINT ON PLAINTIFF
8  ████████████ PRODUCTIVE METHODS ███ TO
9  CHALLENGE HIS CRIMINAL CONVICTION
10 THAT WOULD HAVE BEEN ABSENT THESE
11 OBSTRUCTIONS WITHIN A REASONABLE
12 TIME GIVEN THAT PLAINTIFF HAD ONLY
13 A YEAR TO FILE HIS WRIT PETITION FROM
14 JANUARY 13, ██ 1998 AND/OR RE-EXHA-
15 UST STATE REMEDIES AFTER THE DISCOVER
16 Y IN HIS POLICE REPORTS OF A FAVORABLE
17 WITNESS AND EXCULPATORY EVIDENCE
18 IN MID-NOVEMBER 2000 AND THAT WHICH
19 IS NOW PENDING BEFORE THE CALIFORNIA
20 SUPREME COURT (IMPROPER SUPERVISION):
21 (SAN FRANCISCO CA, MCALLISTER STREET):
22 CASE NO. S128429.
23 77: OTHER THINGS BEING EQUAL, IS
24 DEFENDANTS OBSTRUCTION IN OBSTRUCT-
25 ING PLAINTIFFS ACCESS TO THE FACILITIES
26 LAW LIBRARY TO RESEARCH CASE LAW
27 OBTAIN LEGAL PAPER ETC. WHICH DURING
28 THE LAST SEVERAL YEARS HAS IF NOT

(20)

FACTS

THE GAMESMANSHIP (CONT'D)

EFFECTIVELY, NEARLY EFFECTIVELY ELIMIN-
ATED PLAINTIFFS PRINCIPAL INCENTIVE.

48] DEFENDANTS AND THEIR CO-CONSPIR-
ATORS HAVE IMPLEMENTED AN ARTIFICIAL
BARRIER THAT IMPROPERLY INTERFERES
WITH THE INSTITUTION INMATE APPEAL OR
ADMINISTRATIVE REMEDY 602 PROCEDURES
BY PLACING THE "FORMAL" AND "INFORMAL
LEVEL" APPEAL DROP BOXES OUTSIDE THE
PODS ▇▇▇▇▇▇ RENDERING THE
DISCRETION ▇▇▇▇▇ FOR (C/O'S) DEFEND-
ANTS MENTIONED HEREIN ABOVE TO
PICK UP AND PLACE THE GRIEVANCES OF
APPEALS IN SAID BOXES OR MORE
ACCURATELY "PICK-AND-CHOOSE" WHICH
▇▇▇ INMATES GRIEVANCES OR APPEALS ▇▇▇
TO PLACE INTO SAID BOXES FOR
PROCESSING AND/OR ADMINISTRATIVE
EXHAUSTION.

49]:          SYSTEM OF ACCOUNTABILITY
THE SYSTEM OF ACCOUNTABILITY AS
ALLEGED HEREINABOVE ARE REFLECTED
IN WRITTEN RULES ADOPTED BY ▇▇▇
DEFENDANTS: TITLE 15 CALIFORNIA CODE
RULES AND REGULATION ("CCR") SECTION
3382. (a), (b), (c), (d), (f).

(21)

FACTS

THE GAMESMANSHIP (CONT'D)

ADMINISTRATION AND SUPERVISION OF DETENTION UNITS: READS AS FOLLOW:

CCR §3332.(a) PLAN OF OPERATION.

EACH WARDEN AND SUPERINTENDENT WILL ESTABLISH AND MAINTAIN A PLAN OF OPERATIONS FOR THE DISCIPLINARY DETENTION OF INMATES. WHETHER IN A UNIT OR SECTION OR SECTION OF A UNIT DESIGNATED FOR THIS SPECIFIC PURPOSE OR IN CONJUNCTION WITH OTHER SPECIAL PURPOSE HOUSING OF INMATES. SUCH PLANS WILL CONFORM TO THE PROVISIONS OF THIS ARTICLE AND WILL BE UPDATED AS NECESSARY TO REFLECT CURRENT PROCEDURES AND PRACTICES. A COPY OF THE PLAN WILL BE SUBMITTED TO THE DIRECTOR FOR REVIEW AND APPROVAL ANNUALLY, AS SCHEDULED FOR REQUIRED PLANS.

(b) ADMINISTRATION AND SUPERVISIONS. THE ADMINISTRATION OF DISCIPLINARY DETENTION UNITS MAY BE DELEGATED TO A STAFF MEMBER AT NOT LESS THAN THE LEVEL OF CORRECTIONAL CAPTAIN. THE SUPERVISION OF DISCIPLINARY DETENTION UNITS MAY BE ASSIGNED TO A STAFF MEMBER AT NOT LESS THAN THE LEVEL OF CORRECTIONAL SERGEANT.

(c) VISITATION. INMATES ASSIGNED

(22)