# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT AYALA, | CASE NO. 1:04-CV-06194-REC-LJO-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE |
| v. | |
| C.D.C., et al., | (Doc. 15) |
| Defendants. | |
| _____/ | |

I.   Findings and Recommendations Following Screening of Second Amended Complaint

     A.   Procedural History

       Plaintiff Robert Ayala ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 2, 2004. On February 10, 2005, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted and failure to comply with Federal Rule of Civil Procedure 8(a). Plaintiff filed a first amended complaint on March 29, 2005, and a second amended complaint on May 17, 2005.

     B.   Screening Requirement

       The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

2  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

3  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

4       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

5  which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in

6  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467

7  U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt

8  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  However, "the liberal pleading

9  standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330

10  n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements

11  of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

12  (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

13       C.    Plaintiff's Claims

14       The Civil Rights Act under which this action was filed provides:

15            Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the deprivation
16            of any rights, privileges, or immunities secured by the Constitution .
             . . shall be liable to the party injured in an action at law, suit in equity,
17            or other proper proceeding for redress.

18  42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the

19  actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  See

20  Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

21  (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

22  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

23  in another's affirmative acts or omits to perform an act which he is legally required to do that causes

24  the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

25       Rule 8(a) of the Federal Rules of Civil Procedure calls for a "short and plain statement of the

26  claim showing that the pleader is entitled to relief."  Rule 8(a) expresses the principle of

27  notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim.

28  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Rule 8(a) does not require an elaborate recitation of

every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

Plaintiff's second amended complaint suffers from a number of deficiencies. The second amended complaint is not in compliance with section 1983 linkage requirements or Rule 8(a), because it does not consist of a short and plain statement of Plaintiff's claims, and it does not provide each defendant with fair notice of what that defendant did or did not do that allegedly violated Plaintiff's rights. These same deficiencies plagued Plaintiff's original complaint.

In addition, Plaintiff's lengthy allegations consist largely of facts which do not support any claims for relief and/or are factually fanciful. For example, Plaintiff alleges that he had a neighbor (an inmate in a neighboring cell) who was homosexual, but because he is a nonconformist to prison politics and he has family members who are homosexual, this did not amuse him and he was not "curious to meet this with relevant immediate impact." (2nd Amend. Comp., ¶¶58-59.) Plaintiff alleges that around this time, he began to hear "infasound [sic] type transmitting 'voice' device(s) if not with enthusiasm certainly with the hope and sense of invoking Plaintiff with a weak conscious and join himself with his neighbor." (Id., ¶60.) Plaintiff also alleges that Defendants contaminated his food with "deinhancing [sic] proformance [sic] substances" which kept him from being upbeat and considerate, and added to the "sugar issuance of cakes, Kool-Aids, penut [sic] butter and jelly, French toast pancakes syrup" not only "deinhancing [sic] proformance [sic] substances but neutrally [sic] metal which . . . gives up [upcharges] for the infrasound [sic] transmitting voice devices and other bio-technology Defendants employ to harass Plaintiff . . . ." (Id., ¶¶64-65.) Plaintiff alleges that Defendants supplement and strengthen their position and compliment their code of sign language signaling expressions by issuing Plaintiff's peers chemical gasses or agents. (Id., ¶¶71.) In addition, Plaintiff alleges less fanciful facts concerning the inmate appeal process, and cites to Title 15 regulations governing issues such as supervision, classification, and mental health care.

Based on the allegations in his second amended complaint, Plaintiff alleges claims for relief for violation of the First Amendment, the Cruel and Unusual Punishment Clause of the Eighth Amendment, the Due Process and Equal Protection Clauses of the Fourteenth Amendment, the Cruel and Unusual Punishment Clause of the Eighth Amendment, and the Clayton Act, as well as

3

1    unrecognizable claims for relief such as "100 Fold Insistant [sic] Gamesmanship Constitutes Gross

2    Overkill 42 U. S. C. 1983."  (Id., pgs. 32-43.)

3            D.      Conclusion

4            The Court has reviewed Plaintiff's forty-five page second amended complaint in its entirety,

5    and finds that it does not contain any claims for relief under section 1983 or any other federal law.

6    Plaintiff was previously given leave to amend but has been unable to set forth any cognizable claims.

7    Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice,

8    for failure to state any claims upon which relief may be granted.

9            These Findings and Recommendations will be submitted to the United States District Judge

10   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

11   **days** after being served with these Findings and Recommendations, plaintiff may file written

12   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

13   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

14   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

15   1153 (9th Cir. 1991).

16

17   IT IS SO ORDERED.

18   **Dated:    February 22, 2006**              _____/s/ Lawrence J. O'Neill_____
     b9ed48                                      UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

4